Ni v. Barr

BIA
Christensen, IJ
A206 085 178

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

HUI NI,
> *Petitioner,*

v.                                                  18-206
                                                    NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          David A. Bredin, Esq.,
                         Flushing, NY.

FOR RESPONDENT:          Siu P. Wong, Trial Attorney,
                         Leslie McKay, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation; Joseph H. Hunt,
                         Assistant Attorney General, Civil
                         Division; United States Department
                         of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Ni, a native and citizen of the People's Republic of China, seeks review of a December 28, 2017 decision of the BIA affirming an April 19, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Ni,* No. A206 085 178 (B.I.A. Dec. 28, 2017), *aff'g* No. A206 085 178 (Immig. Ct. N.Y.C. Apr. 19, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case, to which we refer only as necessary to explain our decision to deny the petition for review.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76-77 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Ni was not credible. Ni alleged past persecution in China stemming from his practice of Christianity. In finding his allegations not credible, the agency reasonably relied on Ni's inconsistent statements about the type of church he attended in China and how long he was detained after each alleged arrest. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. During his credible fear interview, when asked what type of church he attended in China, Ni identified it as an underground church, and he stated that he was arrested about seven times and detained

3

for two or three nights after each arrest. But his application and testimony differed in that, in those contexts, he stated that he had attended a government-sanctioned church from 2006 to 2012, and had been detained for varying lengths of time (from one night to one week) after each arrest. Contrary to Ni's claim, he was asked at his credible fear interview what kind of church he attended, not generally whether he attended church. *See* Admin. R. at 506 (Transcript of Credible Fear Interview). And the IJ reasonably concluded that Ni's omission of any mention of six years of attendance at a government-sanctioned church was significant because it was a fact that one would expect to be disclosed. *See Hong Fei Gao*, 891 F.3d at 78–79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original) (internal quotation marks omitted)).

While Ni advances the claim that the officer at his credible fear interview misunderstood his statements, the IJ reasonably found that the record of his interview "displays the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). That finding rested on the observations that the interview was memorialized in a typed question and answer format, indicating a close to verbatim record; the interview included questions designed to elicit an asylum claim, such as why Ni left China and what he believed would happen upon his return; and Ni was responsive to the questions during the interview, which was conducted through a Mandarin interpreter. *See id*.

Having questioned Ni's credibility, the agency reasonably relied further on Ni's failure to rehabilitate his testimony with corroborating evidence that the agency expected to be available. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ found, Ni did not corroborate his attendance at church in China or his arrests

5

in China. Although Ni asserts that he should have had more time to obtain a corroborating letter from his mother and explains that the one fellow church member that he asked for a letter did not provide one, he had four years before his hearing to obtain evidence and he does not allege that such letters were unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). The IJ was not required to give significant corroboratory weight to a certificate showing Ni's 2006 baptism in China, because it confirmed neither Ni's attendance at an underground church nor his arrests. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

Given the inconsistencies between Ni's statements and the absence of any corroboration of his attendance at an underground church or his arrests, we conclude that the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu*

6

*Xia Lin*, 534 F.3d at 165-67; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of Ni's requests for asylum, withholding of removal, and CAT relief because all three requests rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  Ni's motion for stay of removal is DENIED as moot. All other pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7